Hill, P. J.
(concurring). The “ service-at-cost ” contract between the city and the transit company which expired in 1930 is the only contract of that kind which received formal approval as provided in subdivision 11 of section 49 of the Public Service Law. Substantially continuously since its expiration, the city and the Utility have worked under comparable contracts. The last one made in December, 1942, by its terms expires on December 31,1947. The Public Service Commission, in contravention of the terms thereof seeks to exercise control over the relations between the public, the city and the Utility by fixing fares. Concerning the contract in force in December, 1940, the Commission ruled, in a proceeding to extend the lines: “ All bus "operations will be conducted under the Service-at-Cost Contract with the City of Rochester which is now in force ”. On two occasions in 1943 and again in 1944, in proceedings involving the Utility, the Commission recognized the existence of the present contract. Annual reports filed with the Commission after 1930 disclosed the existence of “ service-at-cost ” contracts.
The court of last resort in this State in People ex rel. City of New York v. Nixon (229 N. Y. 356) and by more recent authorities, has determined that a franchise granted by a city may not by its terms deprive the Commission of its regulatory powers. The city by its present appeal seeks to prevent action by the Commission, and to continue the contract. Every consideration favoring home rule, equity and fairness requires that the Commission should not interfere. These arguments are persuasive in this era of regulations affecting not only municipal corporations and their residents but all citizens in many ways.
I reluctantly vote to affirm, believing that any relief must come either from the Legislature or the Court of Appeals.
Heffernan, Brewster and Lawrence, JJ., concur with Poster, J.; Hill, P. J., concurs in a separate memorandum.
Order affirmed, without costs.